

FILED

10/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0573

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0573

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL RAY STEVENS,

Defendant and Appellant.

FILED

OCT 15 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Michael Ray Stevens has filed a verified Petition for an Out-of-Time Appeal from the November 15, 2023 Order denying his motions to withdraw his guilty plea and to amend his motion to withdraw guilty plea issued by the Thirteenth Judicial District Court, Yellowstone County. He seeks review of the evidence and an appointment of counsel.

In April 2021, the District Court entered a judgment sentencing Stevens after accepting his guilty pleas in September 2020. Stevens had entered a written acknowledgment of waiver of rights and plea agreement whereby he pled guilty to four counts of felony incest in exchange for dismissal of another similar count. The court committed Stevens to the Montana State Prison to four, concurrent terms of fifty years with twenty years suspended. The court also imposed a parole ineligibility restriction. Stevens did not appeal.

According to Stevens's attachments, the State opposed his motion to withdraw his guilty plea, and the District Court held a hearing, entering its denial order thereafter. The District Court noted that denial of Stevens's motions would have been appropriate solely on the ground that Stevens requested, during the hearing, to withdraw his motion to withdraw his guilty plea, but the court undertook review of the merits of Stevens's claims nonetheless. The court discussed the thorough plea colloquy conducted by a prior presiding district court judge, including Stevens's answers to the judge's questions. The court determined that Stevens's pleas were voluntary and that his "dissatisfaction with his plea is not good cause," citing *State v. Prindle*, 2103 MT 173, ¶ 17, 370 Mont. 478, 304 P.3d

712. The court dispatched Stevens's claims concerning lesser included offenses because there are no lesser included offenses to incest.

Stevens states "that with a review of the evidence an appellate attorney could show cause for relief and reason for this case to be remanded back to court for a new trial." He contends the District Court's denials were due to "his lack of proper legal representation" and alleges that the District Court "has been able to suppress evidence that is [disfavorable] to the court."

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

This Court concludes that Stevens has not demonstrated extraordinary circumstances to warrant granting his Petition for an Out-of-Time Appeal. The District Court has not suppressed evidence; it considered Stevens's voluntary entry of plea upon its review of the record. Stevens received the benefit of the bargain in September 2020 when one count of incest was dismissed and when he received concurrent, not consecutive, sentences. The judgment was entered 11 months ago. Stevens has not demonstrated entitlement to an out-of-time appeal of the denial of his postconviction motion or appointment of counsel after representing himself. Section 46-8-104, MCA. Denial of his Petition does not amount to a gross miscarriage of justice. Therefore,

IT IS ORDERED that Stevens's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Michael Ray Stevens personally.

DATED this 15 day of October, 2024.

2

_____

_____

_____

Justices